IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SCOTT ETHERIDGE,          :
Individually and as Administrator of the   :
Estate of DORIS JEAN ETHERIDGE,   :
Deceased,                         :
                                  :
     Plaintiff,                 :
                                  :
vs.                               :        No.
                                  :
WORLD MARKETING OF AMERICA,       :
INC., a/k/a KOZY-WORLD,           :
                                  :
     Defendant                  :

## PLAINTIFF'S CIVIL COMPLAINT

AND NOW, comes Plaintiff, William Scott Etheridge, individually and as

Administrator of the Estate of Doris Jean Etheridge, by and through his attorneys, Atlee Hall,

LLP, and files the following Complaint and states as follows:

## PARTIES TO THE CAUSES OF ACTION

1.     Plaintiff, William Scott Etheridge is a resident and citizen of the State of

Mississippi and the surviving spouse of Doris Jean Etheridge (hereinafter "Decedent"). His

current residence is 750 Rhew Avenue, Holly Springs, Mississippi 38635.

2.     The Estate of Doris Jean Etheridge is a Mississippi Estate opened and

administered under the laws of Mississippi. Plaintiff William Scott Etheridge is the duly-

appointed Administrator of the Estate and brings this action on behalf of the Estate. The letters of authority are attached hereto as **Exhibit A**.

3.　　Defendant World Marketing of America, Inc. a/k/a Kozy-World (hereinafter "Kozy-World") is a corporation incorporated under the laws of Pennsylvania with a principal place of business located at R.D. 1 Box 310A, Mount Union, Pennsylvania 17066.

4.　　Defendant Kozy-World's principal place of business is located in Huntingdon County, Pennsylvania.

## STATEMENT OF JURISDICTION AND VENUE

5.　　At all times material hereto, Defendant Kozy-World was engaged in the business of manufacturing, marketing, selling and/or introducing into interstate commerce, either directly or indirectly, Kozy-World Wall Heaters, including the wall heater subject to this case.

6.　　This course of conduct includes active solicitation of business contracts with the intent to sell in the Commonwealth of Pennsylvania, and Defendant Kozy-World derives substantial revenue from the sale of its goods in the Commonwealth of Pennsylvania.

7.　　Furthermore, the cause of action in this matter arises in part from a defect in a product that Defendant Kozy-World designed, manufactured, distributed, sold and placed into the stream of Pennsylvania commerce.

8.　　At all times material hereto, Defendant Kozy-World conducted and continues to conduct substantial and continuous business in the Commonwealth of Pennsylvania.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and an amount in controversy that exceeds $75,000.00 exclusive of interest and costs.

10. This Court has jurisdiction over Defendant Kozy-World pursuant to 42 Pa. C.S.A. § 5301(a)(2)(i) because Defendant Kozy-World is incorporated in Pennsylvania.

11. This Court also has jurisdiction over Defendant Kozy-World pursuant to 42 Pa. C.S.A. § 5301(a)(2)(iii) because Defendant Kozy-World carries on a continuous and systematic part of its general business within this Commonwealth.

12. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Kozy-World resides and has its principal place of business in Huntingdon County, Pennsylvania.

## STATEMENT OF OPERATIVE FACTS

13. With the intended purpose to heat the residence located at 750 Rhew Avenue, Holly Springs, Mississippi 38635, Plaintiff William Scott Etheridge purchased and installed a Kozy-World KWN191 18,000-BTU Vent-Free Natural-Gas Infrared Wall Heater (hereinafter the "KWN191").

14. Prior to, and on March 18, 2019, Plaintiff Mr. Etheridge and/or Decedent were legal residents of 750 Rhew Avenue, Holly Springs, Mississippi 38635.

15. On March 18, 2019, Decedent Doris Jean Etheridge (DOB: 7/19/55) was walking past the KWN191 heater in her residence.

16.     While she was walking past, the flame protruded outside of the grated barrier of the KWN191 and came into contact with the Decedent and caused her shirt to become inflamed.

17.     As a result, Decedent suffered burns to her torso, chest, neck, and face.

18.     Over the next few weeks, Decedent suffered great pain and suffering from her burns to her torso, chest, neck, and face while undergoing treatment at the hospital.

19.     Ultimately, on April 1, 2019, after an extended hospital course, Decedent passed away due to complications from the burns.

20.     As a direct and proximate result of the conduct of Defendant Kozy-World, Decedent sustained numerous injuries, causing her death and damages set forth more fully herein.

21.     The liability-producing conduct of Defendant Kozy-World increased the risk of harm to Decedent and was a substantial factor in causing her damages and death.

22.     As a direct and proximate result of the conduct of Defendant Kozy-World, Decedent sustained severe personal injuries and death.

23.     As a direct and proximate result of the conduct of Defendant Kozy-World, Decedent sustained severe pain and suffering, anxiety, anguish and distress, and the loss of life's pleasures, for all of which damages are claimed.

24.     As a direct and proximate result of the conduct of Defendant Kozy-World, Decedent's Estate has incurred significant costs and expenses for medical care and treatment of

her injuries, for all of which damages are claimed.

25.     As a direct and proximate result of the conduct of Defendant Kozy-World, Decedent's Estate has suffered a loss of earnings and earning capacity, for all of which damages are claimed.

## COUNT I

**William Scott Etheridge, Individually and as Administrator of the Estate of Doris Jean Etheridge, Deceased v. World Marketing of America, Inc. a/k/a Kozy-World**

### STRICT LIABILITY – MANUFACTURING AND DESIGN DEFECT

**Survival Action**

26.     The previous paragraphs are incorporated herein by reference.

27.     Plaintiff, William Scott Etheridge, the Administrator of the Estate of Doris Jean Etheridge, brings this action on behalf of the Estate of Doris Jean Etheridge by virtue of the Probate and Fiduciary Code, 23 Pa. C.S. §3373, and the Pennsylvania Judicial Code, 42 Pa. C.S. §8302.

28.     At all times relevant hereto, Defendant Kozy-World was engaged in the business of developing, designing, manufacturing, distributing, and/or selling vent-free heating appliances in the United States, including the KWN191.

29.     Defendant Kozy-World designed, developed, manufactured, packaged, promoted, marketed, distributed, labeled and/or sold the KWN191 with the expectation it would reach users and consumers across the United States, including Decedent.

30.     The KWN191 reached Plaintiff and Decedent without substantial change and on March 18, 2019 was without substantial change to the condition in which it was sold.

31.     The Decedent used the product for its intended purpose.

32.     The KWN191 was developed, designed, manufactured, distributed and/or sold by Defendant Kozy-World in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce.

33.     The KWN191 does not meet or perform to the expectations of ordinary consumers, and the risks of the KWN191 to consumers outweigh the benefits.

34.     Defendant Kozy-World is strictly liable for one or more of the following:

a. Manufacturing, selling, designing, and/or distributing a defective and unreasonably dangerous product;

b. Manufacturing, selling and/or distributing the KWN191 in a defective condition;

c. Designing, manufacturing, selling and/or distributing the KWN191 such that the flame could escape, "jump out," or otherwise come in contact with the user during ignition or everyday use;

d. Designing, manufacturing, selling and/or distributing the KWN191 without adequate protective guarding that would prevent the flame from coming in contact with the user; and

e. Designing, manufacturing, selling and/or distributing the KWN191 without sufficient testing.

35.     Defendant Kozy-World's defective manufacture and design of the KWN191 was a direct, proximate, and producing cause of Decedent's injuries and damages. Under Section

402A, Restatement (Second) of Torts, Defendant Kozy-World is strictly liable for all damages claimed in this case.

36.   Defendant Kozy-World's actions and inactions were outrageous and in reckless disregard to the safety of consumers.

**Wrongful Death Action**

37.   Plaintiff William Etheridge brings this action pursuant to the Pennsylvania Judiciary Code, 42 Pa. C.S. §8301, and Rule 2202(a) of the Pennsylvania Rules of Civil Procedure on behalf of himself and the potential wrongful death beneficiaries of Doris Jean Etheridge's Estate who are entitled to bring this action as follows:

    a.  William Scott Etheridge: Plaintiff/Spouse, DOB: 10/23/1947; 750 Rhew Avenue, Holly Springs, Mississippi, 38635.

38.   Doris Etheridge's death occurred on 4/1/19, and no action for her injuries was concluded during her lifetime.

39.   As a direct and proximate result of the actions and inactions of Defendant Kozy-World, the wrongful death beneficiaries of Doris Jean Etheridge have suffered the loss of support, financial contributions and the loss of the care, love, society and companionship of Decedent, and claim the damages set forth in Pennsylvania's Wrongful Death Act, 42 Pa. C.S. § 8301, for all of which damages are claimed.

WHEREFORE, Plaintiff, William Scott Etheridge, Individually and as the Administrator of the Estate of Doris Jean Etheridge, Deceased, demands judgment against

Defendant World Marketing of America, Inc. a/k/a Kozy-World, in an amount in excess of $75,000.00 together with interest and costs thereon as allowed by law, as well as an amount for punitive damages for the outrageous and reckless conduct of Defendant.

## COUNT II

**William Scott Etheridge, Individually and as Administrator of the Estate of Doris Jean Etheridge, Deceased v. World Marketing of America, Inc. a/k/a Kozy-World**

### STRICT LIABILITY – FAILURE TO WARN

**Survival Action**

40.     All previous paragraphs are incorporated herein by reference.

41.     Plaintiff, William Scott Etheridge, the Administrator of the Estate of Doris Jean Etheridge, brings this action on behalf of the Estate of Doris Jean Etheridge by virtue of the Probate and Fiduciary Code, 23 Pa. C.S. §3373, and the Pennsylvania Judicial Code, 42 Pa. C.S. §8302.

42.     At all times relevant hereto, Defendant Kozy-World was engaged in the business of developing, designing, manufacturing, distributing, and/or selling vent-free heating appliances in the United States, including the KWN191.

43.     Defendant Kozy-World designed, developed, manufactured, packaged, promoted, marketed, distributed, labeled and/or sold the KWN191 with the expectation it would reach users and consumers across the United States, including Decedent.

44.     The KWN191 reached Plaintiff and Decedent without substantial change and on

March 18, 2019 was without substantial change to the condition in which it was sold.

45.    The Decedent used the product for its intended purpose.

46.    The KWN191 does not meet or perform to the expectations of ordinary consumers, and the risks of the KWN191 to consumers outweigh the benefits.

47.    The KWN191 was defective and unreasonably dangerous due to inadequate warning or instruction because Defendant failed to conform with federal requirements for labels, warnings and instructions, and Defendant Kozy-World knew or should have known that the product created significant risks of serious bodily harm and death to consumers, yet Defendant failed to adequately warn consumers of such risks.

48.    The KWN191 was defective and unreasonably dangerous due to inadequate post-marketing warning or instruction because after Defendant Kozy-World knew or should have known that the product created significant risks of serious bodily harm and death to consumers, Defendant failed to adequately warn consumers of such risks.

49.    Defendant Kozy-World is strictly liable for one or more of the following:

    a. Failing to timely, properly and/or adequately warn consumers that the flame in the KWN191 could escape, "jump out," or otherwise come in contact with the user during ignition or everyday use;

    b. Failing to timely, properly and/or adequately warn consumers that the KWN191 was manufactured without adequate protective guarding that would prevent the flame from coming in contact with the user; and

    c. Failing to timely, properly and/or adequately warn consumers that the KWN191 was manufactured without sufficient testing.

50.     Defendant Kozy-World's failure to provide adequate warnings regarding the KWN191 was a direct, proximate, and producing cause of Decedent's injuries and damages. Under Section 402A, Restatement (Second) of Torts, Defendant Kozy-World is strictly liable to Plaintiff for all damages claimed in this case.

51.     Defendant Kozy-World's actions and inactions were outrageous and in reckless disregard to the safety of consumers.

**Wrongful Death Action**

52.     Plaintiff William Scott Etheridge brings this action pursuant to the Pennsylvania Judiciary Code, 42 Pa. C.S. §8301, and Rule 2202(a) of the Pennsylvania Rules of Civil Procedure on behalf of himself and the potential wrongful death beneficiaries of Doris Jean Etheridge's Estate who are entitled to bring this action as follows:

> a. William Scott Etheridge: Plaintiff/Spouse, DOB: 10/23/1947; 750 Rhew Avenue, Holly Springs, Mississippi, 38635.

53.     Doris Etheridge's death occurred on 4/1/19, and no action for her injuries was concluded during her lifetime.

54.     As a direct and proximate result of the actions and inactions of Defendant Kozy-World, the wrongful death beneficiaries of Doris Jean Etheridge have suffered the loss of support, financial contributions and the loss of the care, love, society and companionship of Decedent, and claim the damages set forth in Pennsylvania's Wrongful Death Act, 42 Pa. C.S. § 8301, for all of which damages are claimed.

WHEREFORE, Plaintiff, William Scott Etheridge, Individually and as the Administrator of the Estate of Doris Jean Etheridge, Deceased, demands judgment against Defendant World Marketing of America, Inc. a/k/a Kozy-World, in an amount in excess of $75,000.00 together with interest and costs thereon as allowed by law, as well as an amount for punitive damages for the outrageous and reckless conduct of Defendant.

## COUNT III

### William Scott Etheridge, Individually and as Administrator of the Estate of Doris Jean Etheridge, Deceased v. World Marketing of America, Inc. a/k/a Kozy-World

### NEGLIGENCE

**Survival Action**

55.     All previous paragraphs are incorporated herein by reference.

56.     Plaintiff, William Scott Etheridge, the Administrator of the Estate of Doris Jean Etheridge, brings this action on behalf of the Estate of Doris Jean Etheridge by virtue of the Probate and Fiduciary Code, 23 Pa. C.S. §3373, and the Pennsylvania Judicial Code, 42 Pa. C.S. §8302.

57.     Defendant Kozy-World owed a duty to consumers and the general public, who are the foreseeable end-users of the product, and specifically to Plaintiff's Decedent, to use reasonable care in the manufacture, design, construction, formulation, testing, preparation, assembly, selling, advertising, packaging, labeling, and distribution of the KWN191.

58.     As part of its duty to use reasonable care, Defendant Kozy-World was obligated

to follow public laws and regulations enacted to protect the safety of persons such as Decedent.

59. Defendant Kozy-World breached its duty of care and was negligent in one or more of the following ways:

    a. Failing to ensure that the KWN191 was safe for use;

    b. Failing to design the KWN191 so as to avoid an unreasonable risk of harm to consumers using the unit;

    c. Failing to design and/or manufacture the KWN191 without defects;

    d. Failing to use reasonable care in designing and/or manufacturing the KWN191 so as to avoid the likelihood that flames could escape or otherwise come in contact with the user during everyday use;

    e. Failing to use reasonable care in designing and/or manufacturing the KWN191 without an adequate protective guarding that would prevent the flame from coming in contact with the user;

    f. Failing to perform sufficient testing on the KWN191; and

    g. Failing to use reasonable care in instructing and/or warning consumers of risks associated with the KWN191 so as to avoid an unreasonable risk of harm to persons using the KWN191.

60. Despite the fact that the Defendant Kozy-World knew or should have known that the KWN191 posed a serious risk of harm to consumers, it continued to manufacture and market the KWN191 to consumers, including those within the Commonwealth of Pennsylvania.

61. Defendant Kozy-World knew or should have known that consumers, including Decedent, would suffer foreseeably injury as a result of its failure to exercise ordinary care, as

described above.

62.     Defendant Kozy-World's failure to exercise reasonable care in the design, manufacturing, marketing, warning and/or labeling of the KWN1919 was a direct, proximate, and producing cause of Decedent's injuries and damages.

63.     Defendant Kozy-World's negligence, as set forth above, increased the risk of harm to Decedent and was a direct, proximate and producing cause of her injuries and damages.

64.     As a direct and proximate result of the inactions and actions of Defendant Kozy-World, as set forth above, Decedent sustained severe and permanent injuries and death as detailed in this Complaint.

**Wrongful Death Action**

65.     Plaintiff William Scott Etheridge brings this action pursuant to the Pennsylvania Judiciary Code, 42 Pa. C.S. §8301, and Rule 2202(a) of the Pennsylvania Rules of Civil Procedure on behalf of himself and the potential wrongful death beneficiaries of Doris Jean Etheridge's Estate who are entitled to bring this action as follows:

> h.  William Scott Etheridge: Plaintiff/Spouse, DOB: 10/23/1947, 750 Rhew Avenue, Holly Springs, Mississippi, 38635.

66.     Doris Etheridge's death occurred on 4/1/19, and no action for her injuries was concluded during her lifetime.

67. As a direct and proximate result of the actions and inactions of Defendant Kozy-World, the wrongful death beneficiaries of Doris Jean Etheridge have suffered the loss of support, financial contributions and the loss of the care, love, society and companionship of Decedent, and claim the damages set forth in Pennsylvania's Wrongful Death Act, 42 Pa.C.S. § 8301, for all of which damages are claimed.

WHEREFORE, Plaintiff, William Scott Etheridge, Individually and as the Administrator of the Estate of Doris Jean Etheridge, Deceased, demands judgment against Defendant Kozy-World, in an amount in excess of $75,000.00 together with interest and costs thereon as allowed by law, as well as an amount for punitive damages for the outrageous and reckless conduct of Defendant.

Respectfully submitted:

Dated: 2/14/20

ATLEE HALL, LLP

By: /s/ Jaime D. Jackson
      Jaime D. Jackson, Esquire
      Attorney for Plaintiff
      415 North Duke Street
      Lancaster, PA 17602
      (717) 393-9596
      I.D. No. 80448

# EXHIBIT "A"

IN THE CHANCERY COURT OF MARSHALL COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED, INTESTATE

CAUSE NO. *19-cv-227L*

## PETITION FOR LETTERS OF ADMINISTRATION

COMES NOW, Scott Etheridge, and respectfully petitions the court for *Letters of Administration* of the Estate of Doris Jean Etheridge, deceased, and would show unto the court as follows:

1.

That Doris Jean Etheridge departed her life on or about the 1st day of April, 2019, and at ~~the time of her death had a fixed place of residence in Marshall County, Mississippi.~~

2.

That said Doris Jean Etheridge left no last will and testament as far as your petitioner knows or believes.

3.

That said decedent left Scott Etheridge, husband, and your petitioner herein, as her sole heir.

4.

That the estate should be immediately administered for the proper management thereof and for the prompt collection of the assets.

5.

Petitioner is over the age of eighteen (18) years, is of sound mind and has not been convicted of a felony.

SCANNED

6.

That it would be in the best interest of the estate that Petitioner, Scott Etheridge, be granted Letters of Administration upon the estate of the Decedent. That assets of the decedent's estate consist of real and personal property in Marshall County, MS.

7.

Petitioner is ready, willing and able to serve as Administrator, and request that bond be waived since he is the sole heir at law of the Decedent.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that he be appointed Administrator of the estate of the decedent, that bond be waived, and that Letters of ~~Administration be granted unto him after taking the oath as required by law.~~

RESPECTFULLY SUBMITTED,

_Scott Etheridge_
SCOTT ETHERIDGE, PETITIONER

_J. Kizer Jones_
J. KIZER JONES, MSB#3213
POST OFFICE BOX 117
HOLLY SPRINGS, MISSISSIPPI 38635
PHONE: 662-252-3788
ATTORNEY FOR PETITIONER

STATE OF MISSISSIPPI
COUNTY OF MARSHALL

Personally appeared before me, the undersigned authority in and for the County and State, on this the 30 day of May , 2019 within my jurisdiction, the within named Scott Etheridge, who acknowledged that he executed the above and foregoing instrument.

_Stephanie D Burns_
NOTARY PUBLIC

My Commission Expires: 6-2-20

IN THE CHANCERY COURT OF MARSHALL COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED

CAUSE NO. _19 - CV - 227 L_

## LETTERS OF ADMINISTRATION

STATE OF MISSISSIPPI
COUNTY OF MARSHALL

TO ALL WHOM THESE PRESENTS SHALL COME - GREETINGS:

WHEREAS, Doris Jean Etheridge, late of Marshall County, Mississippi, Deceased, died

intestate, and had at her death, goods, chattels, rights, credits and other property in said State.

I, THEREFORE, by these Letters authorize Scott Etheridge as Administrator of the

goods, chattels, rights and credits of said Decedent faithfully, truly and promptly to perform and

discharge all the duties required by law, or by the order of this Court.

WITNESS, C.W. "Chuck" Thomas, Clerk of the Chancery Court of Marshall County, on

this the _28_ day of _June_ 2019.

C.W. "CHUCK" THOMAS, CHANCERY CLERK

C. W. "Chuck" Thomas, Chancery Clerk

BY: _Marshae Powell_ ℒ

DEPUTY CLERK



IN THE CHANCERY COURT OF MARSHALL COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED

CAUSE NO. _19 - cv - 227 L_

### NOTICE TO CREDITORS

Letters of Administration having been issued to the undersigned by the Chancery Court of

Marshall County, Mississippi on the 28 day of June ,2019, as Administrator of the

Estate of Doris Jean Etheridge, deceased.

NOTICE is hereby given to all persons having claims against said estate to have the same

probated, registered, and allowed by the Clerk of the Court within ninety (90) days from the date

of first publication of this notice, and failure to do so, will forever bar said claim or claims.

This the 28 day of June , 2019.

_____
SCOTT ETHERIDGE, ADMINISTRATOR
OF THE ESTATE OF DORIS JEAN ETHERIDGE

_____
J. KIZER JONES
ATTORNEY AT LAW
POST OFFICE BOX 117
HOLLY SPRINGS, MISSISSIPPI 38635
PHONE: 662-252-3788

INSTRUMENT #
C.W. "CHUCK" THOMAS
CHANCERY CLERK

2019 JUN 28 AM 10: 11

STATE OF MS
COUNTY OF MARSHALL
FILED & RECORDED

SCANNED

IN THE CHANCERY COURT OF MARSHALL COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED

CAUSE NO. 19-cv-227L

### AFFIDAVIT OF KNOWN CREDITORS

STATE OF MISSISSIPPI
COUNTY OF MARSHALL

PERSONALLY appeared before me the undersigned authority in and for the State and
County aforesaid the within named Scott Etheridge, who being by me first duly sworn on oath
stated: That Affiant is the duly appointed, qualified and acting Administrator of the estate of
Doris Jean Etheridge, deceased; that Affiant has made reasonable diligent efforts to identify all
persons having claims against the above-styled and numbered estate and has given notice by
publication to persons so identified, at their last known address, informing them that a failure to
have their claim probated and registered by the clerk of the court granting letters within the
ninety (90) days provided by Miss. Code of 1972 Ann., Sec. 91-7-145 will bar such claim. The
persons so identified and their last known addresses are:

None.

WITNESS MY HAND this the 30 day of May 2019.

SCOTT ETHERIDGE, ADMINISTRATOR OF
THE ESTATE OF DORIS JEAN ETHERIDGE,
DECEASED

SWORN TO AND SUBSCRIBED before me this the 30 day of May 2019.

NOTARY PUBLIC

My Commission Expires: 6-2-20

SCANNED

IN THE CHANCERY COURT OF MARSHALL COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED

CAUSE NO. *19-CV-227L*

STATE OF MISSISSIPPI
COUNTY OF MARSHALL

## OATH OF ADMINISTRATOR

I do swear that Doris Jean Etheridge died without any Will as far as I know or believe, and that I will and truly administer all the goods, chattels, and credits of the Deceased, and pay her debts as far as her goods, chattels, and credits will extend and the law requires me, and that I ~~will make a true and perfect inventory of the said goods, chattels, and credits, and a just account,~~ when thereto required. SO HELP ME GOD.

_____
SCOTT ETHERIDGE
ADMINISTRATOR OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED

SWORN TO AND SUBCRIBED BEFORE ME, this the 30 day of May, 2019.

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 89/39
STEPHANIE G. BURNS
*SEAL*
Commission Expires
June 2, 2020
BENTON CO.

My Commission Expires: 6-2-20

INSTRUMENT #
C.W. "CHUCK" THOMAS
CHANCERY CLERK

2019 MAY 31 AM 9: 37

STATE CF ???
COUNTY OF MA???LL
FILED & R??? D

SCANNED

IN THE CHANCERY COURT OF MARSHALL COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
DORIS JEAN ETHERIDGE, DECEASED

CAUSE NO. 19-cv-227 L

## ORDER GRANTING LETTERS OF ADMINISTRATION

HAVING COME ON TO BE HEARD THIS DAY, the Petition of Scott Etheridge, an
adult resident of Marshall County, Mississippi for granting of Letters of Administration to Scott
Etheridge, on the estate of Doris Jean Etheridge, deceased, and the Court finds the following
facts, to-wit:

1.

That Doris Jean Etheridge departed this life on or about the 1st day of April, 2019, and at
the time of her death had a fixed place of residence in Marshall County, Mississippi.

2.

That said Doris Jean Etheridge left no valid last will and testament so far as your
petitioner knows or believes after a diligent search and inquiry.

3.

That said decedent left surviving her, Scott Etheridge, husband, as her sole heir and your
petitioner herein.

4.

Said estate should be immediately administered for the proper management thereof and
for the prompt collection of the assets.

5.

Said Petitioner is over the age of eighteen (18) years, are of sound mind and have not
been convicted of a felony.

SCANNED

6.

It is in the best interest of the estate that Petitioner, Scott Etheridge, be granted Letters of Administration upon the estate of the Decedent.

7.

That the assets of the decedent's estate consist of real and personal property in Marshall County, MS.

8.

Petitioner is ready, willing and able to serve as Administrator. That bond be waived since petitioner is the sole heir at law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that this Court hereby grant Letters of Administration to Scott Etheridge, upon him taking the oath as prescribed by law, and that bond is waived at this time.

ORDERED ADJUDGED AND DECREED, this the _28_ day of ___June___, 2019.

_____
CHANCELLOR

Order prepared by:
J. Kizer Jones, MSB# 3213
P. O. Box 117
Holly Springs, MS 38635
Ph: 662-252-3788
kizerjones@kizerjones.com